Brent D. Sokol (SBN 167537)
sokolb@gtlaw.com
Alex Linhardt (SBN 303669)
alex.linhardt@gtlaw.com
Sam Payne (SBN 307484)
sam.payne@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

David Bloch (SBN 184530)
blochd@gtlaw.com
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 590-5110
Facsimile: (415) 707-2010

*Attorneys for Plaintiff*
*Raydiant Oximetry, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Raydiant Oximetry, Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>ALC Medical Holdings LLC,<br><br>    Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,839,408**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Raydiant Oximetry, Inc. ("Raydiant") files this Complaint against Defendant ALC Medical Holdings LLC ("ALC Holdings") seeking declaratory judgment of non-infringement of U.S. Patent No. 11,839,408 (the "'408 patent" or "patent-in-suit"). Raydiant states as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment of non-infringement of the patent-in-suit and for such other relief as the Court deems just and proper.

2. A true and correct copy of the patent-in-suit is attached as Exhibit 1.

## THE PARTIES

3. Plaintiff Raydiant is a Delaware corporation with a principal place of business at 2603 Camino Ramon, Suite 423, San Ramon, California 94583.

4. On information and belief, the named inventor of the patent-in-suit, Jennifer West Cobb, is a resident of South Carolina, with a last recorded address of 10 Woodburn Ridge Road, Spartanburg, South Carolina.

5. On information and belief, Ms. Cobb is the controlling member of Defendant ALC Holdings.

6. On information and belief, Defendant ALC Holdings is a Delaware holding company with a last recorded principal place of business at Defendant Cobb's address of 10 Woodburn Ridge Road, Spartanburg, South Carolina.

7. ALC Holdings is recorded at the U.S. Patent Office as the assignee of the patent-in-suit.

## JURISDICTION [L.R. 3-5(a)]

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9. An actual and justiciable controversy exists between Raydiant and ALC Holdings as to non-infringement of the patent-in-suit. This is at least because Ms. Cobb, of ALC Holdings, has continued her years-long campaign of cease-and-desist demands and accusations against Raydiant's DAISY device, now including accusation of willful infringement of the patent-in-suit in a letter sent to Raydiant.

10. On October 28, 2021, Ms. Cobb met with Raydiant in Northern California to discuss consulting for the company.

11. On November 1, 2021, Raydiant and Ms. Cobb entered into a Consulting Agreement in which Ms. Cobb consented to exclusive jurisdiction of the state and federal courts in Santa Clara County.

12. Thereafter Ms. Cobb and Raydiant employees and/or agents resident in this District discussed concepts for a device.

13. On April 6, 2022, patent counsel engaged by Raydiant resident in this District filed provisional application No. 63/328,257 ("'257 Application") directed to a device and identifying Ms. Cobb and other Raydiant employees and/or agents resident in this District as inventors. The '408 patent claims priority to the '257 Application.

14. From April 6, 2022 until at least November 2022, Raydiant's employees and/or agents resident in this District and Raydiant's Ms. Cobb continued to communicate concerning a device.

15. In November 2022, for the first time Ms. Cobb claimed sole ownership of any and all intellectual property in the '257 application.

16. This Court has personal jurisdiction because Ms. Cobb of ALC Holdings has directed and continues to direct acts to this District, including acts pertaining to the inventorship and alleged infringement of patent-in-suit. Ms. Cobb of ALC Holdings has, at least, purposefully directed its enforcement activities related to the patent-in-suit into the Northern District of California.

17. Ms. Cobb of ALC Holdings' threatening behavior with respect to the Raydiant DAISY device **started over two years ago**, in early December 2022, when **Ms. Cobb's counsel in this District** asserted that Raydiant's "**current prototype is derived from her January [2022] invention.**"

18. Ms. Cobb's alleged January 2022 inventive activities are under the Consulting Agreement, which provides for **exclusive personal jurisdiction** in the federal and state courts of Santa Clara County for any disputes "arising out of **or related to**" her Consulting Agreement.

19. Thus, in addition to ALC Holdings' purposeful conduct directed to this District that gave rise to the present declaratory judgment action, Ms. Cobb of ALC Holdings consented to exclusive jurisdiction of the state and federal courts in Santa Clara County of all disputes "related to" the Consulting Agreement.

20. In late December 2022, Ms. Cobb, again through her counsel, a California-barred practitioner whose litigation boutique has its sole office in the District according to its website, revived her threatening behavior with respect to Raydiant's prototypes of its device when he wrote to Raydiant's counsel in this District, citing the Consulting Agreement and the California Labor and Employment code, stating that: **"we demand that Raydiant cease and desist all further development of a post-partum hemorrhage device"** and **"We reserve all rights and will proceed accordingly if Raydiant continues development of a post-partum hemorrhage device."**

21. Counsel for Raydiant and counsel for Ms. Cobb engaged in settlement communications in this District.

22. On March 16, 2023, Ms. Cobb filed a patent application No. 18/185,311, **which claimed priority to and incorporated by reference the '257 provisional application filed by patent counsel in this District**.

23. After filing the 18/185,311 application and incorporating by reference the '257 Application, Ms. Cobb, notwithstanding cease and desist demands and agreement that all disputes related to her Consulting Agreement be under exclusive jurisdiction of the federal and state courts of Santa Clara County, purportedly transferred the 18/185,311 application and the alleged inventions disclosed therein to Lucie Medical Inc, a company that used her home address and that on information and belief she controlled, which then executed an assignment on its behalf to another company that used her home address and that on information and belief she controls, namely Defendant ALC Holdings.

24. On December 11, 2024, Defendant ALC Holdings sent a cease-and-desist letter to Raydiant in this District claiming that "Jennifer West Cobb of ALC Medical" is the sole inventor of a post-partum hemorrhage mitigation device, that Raydiant purportedly developed its prototype "despite Raydiant's knowledge of Ms. Cobb's invention" and again demanded that Raydiant "cease" making or using its prototypes. It stated that Raydiant's "failure to comply with the demands" by January 10, 2025 constitutes willful infringement. In the penultimate paragraph, Defendant ALC Holdings stated that if it "does not receive a satisfactory response ... it is prepared to take all steps necessary to protect its valuable intellectual property rights, without further notice to you, including filing a lawsuit in federal court" thereby confirming an actual and justiciable controversy giving rise to the need for declaratory judgment relief.

25. Venue is proper in this District under 12 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this District, has directed enforcement activities at this District, and a substantial part of the events giving rise to the claims occurred in this District.

26. For the foregoing reasons, this Court has personal jurisdiction over and proper venue for ALC Holdings, a company that used Ms. Cobb's home address and that upon information and belief Ms. Cobb controls, because she and it have purposefully availed themselves of the benefits of California law and have more than sufficient minimum contacts with California, including those within this District, such that this declaratory judgment action meets the requirements of California's long-arm statute and the U.S. Constitution's due process clause.

27. For these reasons and the reasons set forth below, a justiciable controversy exists between the parties, which is of sufficient immediacy and reality to warrant declaratory relief in this District.

## DIVISIONAL ASSIGNMENT [L.R. 3-5(b)]

28. This is an intellectual property action and thus is assigned on a District-wide basis under General Order No. 44.

## THE PATENT-IN-SUIT

29. On information and belief, the patent-in-suit claims priority to U.S. provisional application No. 63/328,257, filed April 6, 2022, by Raydiant and naming Raydiant employees and/or consultants, including Ms. Cobb, as inventors.

30. Raydiant has been placed in a reasonable apprehension of suit by ALC Holdings under the patent-in-suit. Raydiant will remain under a cloud of threatened litigation from ALC Holdings. This cloud would be exacerbated by Ms. Cobb's history of long delays or periods of inactivity with respect to her cease-and-desist demands. For example, as detailed above, Ms. Cobb first threatened Raydiant with respect to Raydiant's DAISY device in 2022, before filing an application that year, gaining issuance in 2023, and then threatening to sue Raydiant nearly a year after issuance—two years after the original cease-and-desist demand. This lingering cloud confirms the actual and justiciable controversy giving rise to the need for declaratory judgment relief.

## CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the Patent-in-Suit)

31. Raydiant restates and incorporates by reference each preceding paragraph, as if fully set forth herein.

32. Raydiant has not infringed and does not infringe any claim of the patent-in-suit directly or indirectly, either literally or under the doctrine of equivalents.

33. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Raydiant and ALC Holdings concerning non-infringement of the patent-in-suit.

34. Raydiant is therefore entitled to a declaratory judgment that it has not infringed and does not infringe the patent-in-suit, directly or indirectly, either literally or under the doctrine of equivalents.

35. A judicial declaration is necessary and appropriate so that Raydiant may ascertain its rights regarding the claims of the patent-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, Raydiant respectfully requests the following relief:

A. That the Court enter a judgment declaring that neither Raydiant nor its DAISY or other post-partum hemorrhage devices has infringed nor are infringing any claim of the patent-in-suit, directly or indirectly, either literally or under the doctrine of equivalents;

B. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and award to Raydiant its costs, expenses, and reasonable attorneys' fees incurred in this action;

C. That the Court award Raydiant any and all other relief to which Raydiant may show itself to be entitled; and

D. That the Court award Raydiant any other relief it may deem just and proper under the circumstances.

DATED: January 10, 2025                                    GREENBERG TAURIG, LLP

By:    */s/ Brent D. Sokol*

*Attorneys for Plaintiffs*
*Raydiant Oximetry, Inc.*

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil Local Rule 3-6, Raydiant demands a trial by jury on all issues and claims so triable.

DATED: January 10, 2025                                    GREENBERG TAURIG, LLP

By:    */s/ Brent D. Sokol*

*Attorneys for Plaintiffs*
*Raydiant Oximetry, Inc.*