UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYDIANT OXIMETRY, INC.,

Plaintiff,

v.

ALC MEDICAL HOLDINGS LLC,

Defendant.

Case No.  25-cv-00392-VC

**ORDER REGARDING MOTION FOR ATTORNEYS' FEES AND COSTS**

Re: Dkt. Nos. 131, 132

Raydiant's Motion for Attorneys' Fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a) is granted. As the Court explained in its Sanctions Order, ALC Medical and Womble Bond have operated in bad faith at every turn: sending their initial demand letter without performing proper due diligence, continually pursuing meritless claims against Raydiant, and wasting judicial and party resources in their attempts to escape fees liability. *See* Dkt. No. 92. Their objectively unreasonable conduct makes this the paramount example of an "exceptional case" that warrants fee shifting to Raydiant as the prevailing party under the Patent and Lanham Acts. *See Segan LLC v. Zynga Inc.*, 131 F. Supp. 3d 956, 960 (N.D. Cal. 2015) (awarding exceptional case fees where patent claims were "objectively baseless from the start"); *Albrecht v. Tkachenko*, 2015WL 2227607, *1 (N.D. Cal. May 11, 2015) (awarding exceptional case fees where Lanham Act claim was "groundless, unreasonable, [and] vexatious"). Raydiant's request for taxable costs under Fed. R. Civ. P. 54(d)(2) and Civil L.R. 54 is also granted. *See* Dkt. No. 131.

In addition, Raydiant's objection to ALC Medical's reliance in its Opposition on Raydiant's settlement proposal is sustained. *See* Opp'n (Dkt. No. 137) at 3 (citing June 24, 2025,

2

email from Raydiant to ALC Medical regarding settlement offer (Opp'n Ex. 15)). This evidence is irrelevant, and in any event it is barred by Federal Rule of Evidence 408. Accordingly, Opposition Exhibit 15 and the discussion of the settlement proposal on pages 3-4 and 11 of the Opposition are stricken.

ALC Medical and Womble Bond are jointly and severally liable for attorneys' fees and associated costs under this Order and the Court's prior Sanctions Order in the total amount of $2,348,367.11 to be awarded to Raydiant. The enforcement of these sanctions is stayed pending appeal in accordance with the Court's November 21, 2025 Order, contingent on ALC Medical and Womble Bond posting supersedeas bond for the updated total fees award amount. Judgment has already been entered in favor of Raydiant, *see* Dkt. No. 130, and the Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: February 27, 2026

_____

VINCE CHHABRIA
United States District Judge